# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

RAMON TYRONE TAYLOR,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 26 MA 0013**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2023 CR 00345

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor*, and *Atty. Kristie M. Weibling*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Wesley A. Johnston*, for Defendant-Appellant.

Dated: July 27, 2026

**DICKEY, J.**

{¶1}    Appellant, Ramon Tyrone Taylor, appeals the December 12, 2025 judgment entry of the Mahoning County Court of Common Pleas imposing the remainder of an agreed prison sentence for a community control violation to run consecutively to the sentence imposed for his subsequent felony convictions, which were the basis of the community control violation.  In his sole assignment of error, Appellant argues the trial court did not satisfy the statutory fact-finding requirements of R.C. 2929.14(C)(4) to impose a consecutive sentence.  Finding no reversible error, we affirm the judgment entry imposing the consecutive sentence on the community control violation.

## FACTS AND PROCEDURAL HISTORY

{¶2}    On October 20, 2022, Appellant was indicted for one count of drug possession (cocaine) in violation of R.C. 2925.11(A), 2925.11(C)(4)(a), a felony of the fifth degree, and one count of illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), 2925.15(F)(1), a misdemeanor of the fourth degree in 2022 CR 589.  Appellant was arraigned on November 8, 2022 and released on bond.  Appellant filed a motion for consideration for Veteran's Court on December 6, 2022, which was overruled after his bond was revoked on January 6, 2023.

{¶3}    On May 25, 2023, Appellant was indicted for one count of felonious assault in violation of R.C. 2903.11(A)(2), 2903.11(D)(1)(a), a felony of the first degree, with a one-year firearm specification pursuant to R.C. 2941.141(A); one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), 2921.331(C)(5)(a)(ii), a felony of the third degree, with a one-year firearm specification pursuant to R.C. 2941.141(A); one count of having weapons while under disability in violation of R.C. 2923.13(A)(2)(3), 2923.13(B), a felony of the third degree; one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), 2923.16(I), a felony of the fourth degree; one count of resisting arrest in violation of R.C. 2921.33(C)(1), 2921.33(D), a felony of the fourth degree, with a one-year firearm specification pursuant to R.C. 2941.141(A); one count of obstructing official business in violation of R.C. 2921.31(A), 2921.31(B), a felony of the fifth degree, with a one-year firearm specification pursuant to R.C. 2941.141(A); and one count of failure to stop after

an accident in violation of R.C. 4549.02(A)(1)(b), 4549.02(B)(1), a misdemeanor of the first degree, in 2023 CR 345. Appellant was arraigned on June 6, 2023.

{¶4} On August 7, 2023, Appellant executed written Criminal Rule 11 plea agreements with respect to both indictments. Pursuant to the terms of the plea agreement in 2022 CR 589, Appellant agreed to plead guilty to both counts in exchange for an agreed sentence of twelve months. Pursuant to the terms of the plea agreement in 2023 CR 345, Appellant agreed to plead guilty to the first three counts of the indictment, with the felonious assault count amended from a felony of the first degree to a felony of the second degree and the merger of the two firearm specifications, in exchange for a dismissal of the remaining counts, and an agreed aggregate, indefinite prison sentence of three years and nine months to four years and nine months. The state agreed to judicial release after Appellant served the mandatory one-year firearm specification provided Appellant received a positive institutional report.

{¶5} At the sentencing hearing on September 28, 2023, Appellant, who was 54 years old, explained he was a Gulf War veteran and suffered from Post-Traumatic Stress Disorder, Bipolar Disorder, depression, and drug addiction. At some point prior to the hearing, Appellant had been diagnosed with cancer. Appellant explained "when something like that falls on your shoulders and you just actually -- you -- you don't know. And all I knew was to try to numb the feeling, you know, so I went back down to what I knew." (9/28/23 Sent. Hrg., p. 9).

{¶6} According to a Youngstown Police Department incident report dated May 3, 2023, which is attached to the presentence investigation report, Appellant attempted to evade a traffic stop on Hillman Street at 6:51 p.m. During the subsequent police pursuit, which involved thirteen officers, Appellant "drove directly into [a] marked cruiser causing heavy damage to the front." Undaunted, Appellant continued his efforts to evade apprehension both on and off-road at speeds up to 80 mph. He was apprehended after flattened tires rendered his vehicle inoperable. The police officer involved in the collision "went to the hospital to be assessed for her injuries after being struck by [Appellant.]" There is no evidence in the record to establish the extent of her injuries.

**{¶7}** According to the presentence investigation report, Appellant had a twenty-plus-year criminal history, which defense counsel attributed to Appellant's drug addiction, and included theft, drug paraphernalia, assault, burglary, grand theft of a motor vehicle, receiving stolen property, and aggravated robbery. Despite serving several jail terms and having several opportunities for rehabilitation, Appellant was unable to fully overcome his drug addiction. Appellant's Ohio Risk Assessment score, which predicts the likelihood of recidivism, was a seven (the six-to-nine range constitutes high risk).

**{¶8}** The trial court imposed the agreed sentences to be served concurrently.

**{¶9}** On November 14, 2024, Appellant filed a pro se motion for judicial release. The state recommended judicial release into Second Chance Offender Re-entry ("SCORE") Court. The trial court granted Appellant's request for judicial release on January 22, 2025 and ordered Appellant to participate in SCORE Court.

**{¶10}** Appellant's participation in SCORE Court was conditioned on the following terms: (1) placement on community control for a period up to five years; (2) attendance of at least two status hearings per month; (3) completion of the residential program at the Community Correction Association Community Based Correctional Facility; (4) compliance with the case plan implemented by SCORE Court; (5) submission to random alcohol and drug testing; and (6) compliance with all rules and regulations established by the Adult Parole Authority ("APA").

**{¶11}** Within three months, Appellant violated the terms and conditions of SCORE Court on two separate occasions. On May 5, 2025, he was placed under electronically-monitored house arrest. Then, on July 3, 2025, the trial court imposed seven days of local incarceration. On or about July 7, 2025, the APA requested the issuance of a bench warrant for Appellant's arrest for a community control violation, that is, new felony charges in Case Number 2025 CR 480. On July 16, 2025, the state filed a motion to revoke or extend Appellant's community control. Appellant was convicted of drug possession and failure to comply with the order or signal of a police officer – both felonies of the fourth degree in 2025 CR 480. On October 15, 2025, the trial court imposed a fifteen-month agreed prison sentence. As a result of his convictions in 2025 CR 480, Appellant was terminated from SCORE Court.

{¶12} On December 10, 2025, the trial court conducted a community control violation hearing, where the trial court determined Appellant had repeatedly violated the terms and conditions of SCORE Court. Appellant had tested positive for cocaine on several occasions, failed to appear at hearings causing the issuance of a bench warrant, and was convicted of two fourth-degree felonies in Case Number 2025 CR 480.

{¶13} Appellant stipulated to the community control violations at the December 10, 2025 hearing.  The state requested a one-year sentence consecutive to the fifteen-month sentence imposed in 2025 CR 480.  Defense counsel asked that any sentence would be imposed to run concurrently with the sentence in 2025 CR 480.  The trial court imposed the balance of Appellant's original sentence of three years and nine months to four years and nine months, with credit for 417 days served, to be served consecutively to the fifteen-month sentence imposed in 2025 CR 480.

{¶14} This timely appeal followed.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES WAS IMPROPER BECAUSE THE TRIAL COURT'S FINDINGS ARE INSUFFICIENT AND THE APPELLATE COURT CAN CLEARLY AND CONVINCINGLY FIND THE RESULT DID NOT SUPPORT THE TRIAL COURT'S CONSECUTIVE SENTENCE.**

{¶15}  We utilize R.C. 2953.08(G) as the standard of review in all felony sentencing appeals. *State v. Michaels*, 2019-Ohio-497, ¶ 2 (7th Dist.), citing *State v. Marcum*, 2016-Ohio-1002, ¶ 1.  R.C. 2953.08(G) reads in pertinent part:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The

appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2)(a)-(b).

{¶16} There is a statutory presumption in favor of concurrent sentences pursuant to R.C. 2929.41(A). However, R.C. 2929.14(C)(4) reads:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

Case No. 26 MA 0013

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶17} Although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the trial court found: (1) the consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 2013-Ohio-2956, ¶ 17 (7th Dist.). However, the trial court need not give its reasons for making those findings. *State v. Power*, 2013-Ohio-4254, ¶ 38 (7th Dist.). A trial court must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams*, 2015-Ohio-4100, ¶ 34 (7th Dist.), citing *State v. Bonnell*, 2014-Ohio-3177, ¶ 37.

{¶18} "The plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Alexander*, 2025-Ohio-5215, ¶ 8 (7th Dist.), appeal not allowed, 2026-Ohio-475. An appellate court "must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences." *State v. Gwynne*, 2023-Ohio-3851, ¶ 15. "The statutory language does not require that the appellate court have a firm belief or conviction that the record supports the findings." *Id.*

{¶19} The trial court made the following findings at the hearing on the community control violation:

The Court will make the finding that consecutive sentences are necessary to protect the public from future crime by the offender or punish the offender and that consecutive sentences are not disproportionate to the

seriousness of [Appellant's] conduct and the danger the offender poses to the public.

And [Appellant] committed one or more of these multiple offenses while awaiting trial or sentence, was under community control sanction or was on post-release control for a prior offense. And at least two of the multiple offenses were committed as part of courses of conduct and the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(12/10/25 Sentencing Hrg., p. 9).

{¶20} Appellant argues his crimes are non-violent and the trial court failed to state it considered the principles and purposes of sentencing pursuant to R.C. 2929.11 and the factors listed in R.C. 2929.12 prior to re-imposing the sentence. With respect to Appellant's first argument, there is no dispute Appellant's criminal conduct injured a police officer. With respect to his second argument, we have previously found the trial court is not required to state that it considered the purposes and principles of sentencing and the seriousness and recidivism factors pursuant to R.C. 2929.11 and R.C. 2929.12 where the trial court simply reimposes the conditionally-reduced sentence. *State v. Jones*, 2008-Ohio-6204, ¶ 18 (7th Dist.) (citing current R.C. 2929.20(K)). In other words, the trial court's reference to its consideration of R.C. 2929.11 and 2929.12 at the original sentencing hearing satisfies its obligation to consider those statutes.

{¶21} Turning to the trial court's fact-finding with respect to consecutive sentences, Appellant's Ohio Risk Assessment score indicated he was likely to continue to commit crimes and his previous incarceration had not resulted in rehabilitation. Appellant's efforts to elude the police injured one officer and could have resulted in greater injury. Finally, there is no dispute that Appellant was under a community control sanction when he committed the crimes for which he was convicted in 2025 CR 480 and that the crimes were part of a course of conduct (his drug abuse). Consequently, we find

Case No. 26 MA 0013

Appellant's argument that the trial court's findings of fact are clearly and convincingly not supported by the record has no merit.

**{¶22}** Although not raised by the parties, we recognize the trial court had statutory authority to impose the sentence in this appeal to be served consecutively to the sentence in 2025 CR 480. R.C. 2929.20, captioned "Judicial release," reads in relevant part:

> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender or state of emergency-qualifying offender, shall place the offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction. *If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed on the eligible offender or state of emergency-qualifying offender as a result of the violation that is a new offense.*

(Emphasis added) R.C. 2929.20(K).

**{¶23}** In *State v. Jones*, 2022-Ohio-4485, the Ohio Supreme Court held "when a court revokes community control, it may require that the reserved prison term be served consecutively to any other sentence then existing or then being imposed but only if at the time it imposed community control, it notified the offender that a consecutive sentence on revocation of community control was a possibility." *Id.* at ¶ 2. In a 4-3 decision, the Ohio Supreme Court recognized there was no statutory notice requirement, but concluded nonetheless the imposition of a reserved sentence to be served consecutively to a preexisting sentence could not be imposed in the absence of notice.

**{¶24}** Ohio intermediate appellate courts that have considered the impact of *Jones*, when a sentence is imposed for a community control violation following judicial release have observed community control and judicial release are different legal mechanisms outlined in separate statutes. Unlike R.C. 2929.15, R.C. 2929.20(K) specifically provides that a trial court, upon the revocation of judicial release, may order

Case No. 26 MA 0013

the reserved prison term to be served consecutively to a new sentence. *See State v. Collins*, 2025-Ohio-1230 (4th Dist.); *State v. Baynes*, 2026-Ohio-518 (11th Dist.). We join the Fourth and Eleventh Districts as we find the notice requirement in *Jones* does not apply here.

## CONCLUSION

{¶25} For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The December 12, 2025 judgment entry of the Mahoning County Court of Common Pleas imposing the remainder of the agreed prison sentence for a community control violation to run consecutively to the sentence imposed for his subsequent felony convictions is affirmed.

Waite, P.J., concurs.

Robb, J., concurs.

Case No. 26 MA 0013

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**